IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES D. CONNER, Register No. 518865,　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　　　　)　　　No. 05-4176-CV-C-SOW
　　　　　　　　　　　　　　　　　　　　　　)
MIKE BROSCH, et al.,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　　　)

## REPORT AND RECOMMENDATION

　　　　Plaintiff James D. Conner, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

　　　　On August 10, 2006, defendants filed a motion for summary judgment. On September 26, 2006, plaintiff was ordered to show cause, within twenty days, why defendants' motion for summary judgment should not be granted. Plaintiff has failed to file a response.

　　　　Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

　　　　Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly

probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Without a response to summary judgment, the court will reference plaintiff's original verified complaint to determine whether summary judgment is proper. Plaintiff's complaint seeks monetary relief from named defendants, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants denied him medical care for his serious medical condition for a period of two weeks, resulting in his suffering irreversible damage to his lungs.

It appears plaintiff was a pretrial detainee at the time he claims he was denied medical treatment. Therefore, his medical claims should be analyzed under the substantive Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, which is applied to convicted prisoners. Nonetheless, the Eighth Circuit has held that the Eighth Amendment's standard of deliberate indifference applied to a convicted prisoner's claims is also the standard to be applied to a pretrial detainee's claims. Butler v. Fletcher, 465 F.3d 340, 344-45 (8th Cir. 2006). Because pretrial detainees and convicted inmates, like all persons in custody, have the same right to basic human needs, the standard of care applied is the same. Id. at 345. Officials are deliberately indifferent if they "know of and disregard an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To be held liable, officials "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and [they] must also draw the inference." Id. Failure to perceive a significant risk and thus to eliminate it does not constitute the infliction of punishment. Id. at 838. Moreover, officials who respond reasonably to a known risk may not be held liable, even if their response failed to prevent injury. Id. at 844-45.

2

In cases regarding deprivation of medical care, an inmate must show that the (prison) official was deliberately indifferent to the inmate's serious medical needs. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). In order to succeed, an inmate must show both that he had an objectively serious medical need and that the defendants knew of and disregarded that need. Id. The failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless a (prison) official knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge. Id. at 785.

When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the court considers the objective seriousness of plaintiff's injuries and the effect of the delay in receiving treatment. Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). An inmate must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed on claims that such delay rose to the level of a constitutional violation. Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

Although plaintiff claims he was denied timely medical care for pneumonia and a collapsed lung, he has failed to come forward with any evidence to dispute the material facts provided by defendants. The undisputed material facts show defendants provided plaintiff with medical care and treatment for his medical condition. Further, plaintiff has failed to come forward with any verifying medical evidence that any delay in his receiving medical treatment had a detrimental effect.

There being no dispute of material facts as to plaintiff's claims of denial and/or delay of medical care, defendants are entitled to judgment as a matter of law.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed [35].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 14th day of November, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge